MOLENBROCK and others *v.* ST. LOUIS & CLARKSVILLE PACKET CO.*

*'District Court, E. D. Missouri.* June 25, 1883.)

ADMIRALTY—TOWAGE CONTRACT—NEGLIGENCE.

> The owner of a steam-boat is only bound to exercise ordinary care, skill, and diligence in performing a towage contract.

In Admiralty. Libel *in personam.*

The libelants state in their libel that the libelee agreed with them that its steam-boat Dora should tow a barge which had been chartered by libelants, and loaded with wheat, from the Illinois river to St. Louis, Missouri; that said steam-boat took the barge in tow and proceeded on its way down the river, but before reaching its destination, and while nearly a half a mile outside of the main channel of the Mississippi, and while attempting to run through a chute in said river, near the eastern shore, through gross negligence on the part of the officer of said steam-boat, ran said barge into a submerged snag, which penetrated the bottom of the barge and caused it to sink; and that both barge and cargo were a total loss. Wherefore libelants asked for the damages they have suffered. The libelee denies that there has been any negligence on the part of its employes, and alleges that the loss was occasioned by the unseaworthiness of libelants' barge, and its being overloaded.

*Dyer, Lee & Ellis,* for libelants.

*Given Campbell,* for libelee.

TREAT, J. The rules of law by which the rights of the parties are to be determined are not disputed. This was a towage contract; the decisions concerning which are collected in Desty, Shipp. & Adm. 339 *et seq.* The libelee was bound to exercise ordinary care, skill, and diligence. In this, as in most cases of like character, there is a great diversity of opinion by experts. Under such diversity it is the duty of the court to reconcile diversities by seizing upon physical facts in the light of which truth can be ascertained. The contention by libelants is that respondent's tow-boat ran down, at the then stage of water, an unsafe channel, whereby the injury occurred. On the other hand, it is contended that the channel pursued at the then stage of water was the usual and proper channel; also that the barge in tow was old and unseaworthy, considering the cargo that it was carrying.

An analysis of the voluminous evidence shows that the channel in

---

*Reported by B. F. Rex, Esq., of the St. Louis bar.

which the barge was towed was reasonably proper at the time. This is evidenced from the fact that other vessels, immediately before and after the accident, passed up and down by the sunken barge in safety, and that soundings immediately thereafter showed sufficient depth of water. Without entering into a consideration of the seaworthiness of the barge, which might or might not have contributed to the disaster, it is clear to the court that there was no act of negligence, within the rules of law, by means of which the respondent can be held liable.